UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GLORIA PARKS, | ) | Case No.: 1:10 CV 2746 |
| Plaintiff | ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| UNIVERSITY HOSPITALS CASE MEDICAL CENTER | ) ) ) ) | |
| Defendant | ) | ORDER |

On March 25, 2009, Plaintiff Gloria Parks ("Plaintiff" or "Parks") filed a complaint in the Cuyahoga County Court of Common Pleas against University Hospitals Case Medical Center ("Defendant" or "UHCMC"). On December 3, 2010, ten days before the start of trial in state court, Defendant filed a notice of removal based on federal question jurisdiction. Now pending before this court is Plaintiff's Motion for Remand and Motion for Sanctions, Request for Emergency Hearing (ECF No. 4) filed on December 6, 2010. For the reasons that follow, Plaintiff's Motion for Remand and Motion for Sanctions is granted as to remand and sanctions.

## I. BACKGROUND

Plaintiff was employed by Defendant or Defendant's predecessor as a Medical Assistant starting on or about September 1978. Following an error regarding two patients with the same name in relation to blood drawing, Plaintiff was terminated from her employment on or about July 24, 2008.

After Plaintiff unsuccessfully pursued reinstatement through the complaint process, she filed suit in state court on March 25, 2010. Plaintiff alleged that Defendant discriminated against her on the basis of her age when it terminated her employment in violation of Ohio Revised Code Section 4112.02(A). Plaintiff's Complaint did not state a cause of action under federal law. Trial was to proceed on December 13, 2010. Following the disclosure of Plaintiff's Exhibit List, Defendant made a Motion *in Limine* on October 18, 2010 to exclude Exhibits 56 (letter regarding approval of FMLA leave) and 57 (Family & Medical Leave of Absence Policy), as well as any other evidence related to the Family Medical Leave Act ("FMLA"). On October 27, 2010, Plaintiff filed a brief in opposition to this request, arguing that this information relates to UHCMC's defense and provides a basis for the Plaintiff to show this is actually a pretext for illegal discrimination. UHCMC is basing its defense in part on Plaintiff being on the second step of a progressive discipline process before she was terminated because of an unexcused absence, and therefore there was no discriminatory basis for her termination. In reaching its decision regarding termination under its disciplinary policy, UHCMC determined that because of prior infractions by Plaintiff, she was at step two in the disciplinary process. Because they found the violation to be egregious, Defendant determined that it would be entitled to skip step three and proceed to step four, which was termination. Plaintiff maintains that she should have been at step one, and thus it would have been improper under UHCMC's policies to proceed to step four, termination. Plaintiff contends that she was actually in compliance with UHCMC's Family Medical Leave Act policy, which provides support for her claim that the Defendant had discriminated against her. The court subsequently denied the Defendant's Motion on November 19, 2010, allowing Plaintiff to use the FMLA information to show pretext. Defendant claims that it was not until this order was given that they were made aware that "Plaintiff was

- 2 -

asserting that UHCMC violated FMLA by issuing pre-termination discipline to Plaintiff for absences". (Notice of Removal, ECF No. 1.) Two weeks later, on December 3, 2010, Defendant filed a Notice of Removal with this court.

## II. REMAND STANDARD

Removal of an action from state to federal court is allowed when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking to remove a case to federal court carries the burden of establishing that jurisdiction exists. *See Eastman v. Marine Mach. Corp*, 438 F.3d 544, 549 (6th Cir. 2006). All disputed questions of fact, all ambiguities in controlling law, and all doubts as to the propriety of removal must be resolved in favor of remand. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

## III. LAW AND ANALYSIS

### A. Well-Pleaded Complaint Rule

Pursuant to 28 U.S.C. § 1331, federal courts have jurisdiction over "cases in which a well-pleaded complaint establishes either that federal law creates a cause of action or that plaintiff's right to relief necessarily depends on a substantial question of law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The plaintiff's complaint determines whether the case "arises under" federal law. *Id*. at 10. The court must only look to the plaintiff's complaint and cannot be aided by any anticipated defenses the Defendant may raise. *Id*. In her Motion to Remand, Plaintiff maintains that she has asserted one claim in her Complaint grounded solely in state law; that claim is not a federal claim. Further, Plaintiff states that the fact that she is using FMLA violations by

UHCMC to prove illegal discrimination by the Defendant does not convert Plaintiff's claim into a federal claim, nor does it create an additional federal cause of action. Plaintiff is using this information to prove that the Defendant's stated reason for her termination is actually a pretext for illegal discrimination under the *McDonnell Douglas* burden shifting test used in causes of action based on employment discrimination. Defendant argues in its Notice of Removal that the order from the state court on November 19, 2010 allowing the use of FMLA exhibits and information to demonstrate pretext was the first time it became aware that Plaintiff was bringing a FMLA claim. Defendant claims that this order allows the Plaintiff to assert a FMLA claim, though Plaintiff has neither informed the court nor the Defendant as to whether she intends to assert a FMLA claim at trial. However, the Defendant stated in its Motion *in Limine* that "[t]he sole claim asserted by Plaintiff is age discrimination under Ohio law." (Def's Mot. at 2, ECF No. 4-5.) UHCMC further stated in the Motion that "Plaintiff intends to argue that the May 2, 2009 discipline should not have been issued to Plaintiff because her absence was protected by FMLA" and that "Plaintiff is not asserting an FMLA claim...". (*Id.*) Additionally, Plaintiff also stated in her Brief in Opposition to the Defendant's Motion *in Limine* that the FMLA information would be used to prove that the Defendant's actions were a pretext for illegal age discrimination and provide background information on the working conditions Plaintiff endured. Therefore, based on the Plaintiff's Complaint, Defendant's own admissions, and Plaintiff's Brief in Opposition, the court concludes Defendant has not shown that Plaintiff asserted or has asserted a federal claim.

Additionally, the Defendant has asserted in its Opposition to Plaintiff's Motion for Remand and Motion for Sanctions that the FMLA claim has to be a separate federal claim because the Supreme Court has held that "a plaintiff may not argue that the violation of one employment statute

- 4 -

is somehow evidence of the violation of another employment statute." (*Hazen Paper Co. v. Biggins,* 507 U.S. 604, 612 (1993); Def. University Hospitals Case Medical Center's Opposition to Plaintiff's Mot. for Remand and Mot. for Sanctions at 2, ECF No. 6.) In *Hazen*, the court determined that the plaintiff could not in the context of that age discrimination case, assert an ERISA violation in support of its pretext argument. In reaching that conclusion, the court analogized the case to an age discrimination case where a black worker claimed discrimination on the basis of race as pretext. *Id.* at 611-12. The court stated that "it cannot be true that an employer who fires an older black worker because the worker is black thereby violates the ADEA". *Id.* at 612. Defendant therefore concludes that it cannot be true that an employer who violates the FMLA has violated the ADEA. (Def. Opp. at 3.) Accordingly, the Defendant asserts that the alleged FMLA violation presented by Plaintiff should be viewed as a separate cause of action. (*Id.*) However, the Defendant's reliance on *Hazen* is misplaced. *Hazen* does not determine whether there is a separate cause of action in cases such as this one, but instead governs what evidence may be used to prove a violation of an employment statute.

There is no question that the claim Plaintiff is pursuing is an age discrimination claim. The Complaint states such a claim on its face. Plaintiff has also reiterated this is the case before the state trial court and in its submission on the issues before this court. Defendant has stated in its Motion *in Limine* before the trial court that the sole claim Plaintiff is pursuing is an age discrimination cause of action under Ohio statutory law. The case cited by Defendant, *Hazen Paper Co. v Biggens*, deals with what evidence can be properly considered in regard to the issue of pretext in an age discrimination case. It does not suggest that if a plaintiff raises the violation of another federal statute in an effort to show pretext, that Plaintiff should be viewed as having stated another claim. It is clear in this case

- 5 -

that Plaintiff is not seeking to recover on a claim under FMLA. If Defendant is of the opinion that it is improper for her to raise issues regarding FMLA in pursuit of her claim, that is a matter for the state trial court judge to decide. Whether *Hazen* is applicable in the present case is not for this court to decide. Deciding what evidence is admissible is the province of the trial judge. If the state trial judge misapplies the law regarding what evidence is admissible in an age discrimination case which results in a verdict against the Defendant, it has a right of appeal.

On a motion for remand, the Defendant has the burden of proving the court's jurisdiction. *See Eastman*, 438 F.3d at 549. This court finds that the Defendant has not shown that the court has federal question jurisdiction based on Plaintiff asserting a federal claim. Plaintiff's Complaint clearly sets out one cause of action, the nature of that cause of action, and explicitly states that it is based on Ohio statutory law. Therefore, the court does not have jurisdiction over this matter.

### B. 30-Day Deadline

1. Party Seeking Removal Has Thirty Days

Plaintiff maintains in the alternative, that even if Defendant was able to plausibly assert that the Plaintiff has a federal claim, the case should be remanded because it was not timely removed.

28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The Sixth Circuit has held that "§ 1446(b) starts the thirty-day period running from the date that a defendant has solid and unambiguous information that the case is removable." *Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 WL 112809, **3 (6th Cir. June 26, 1991); *see also Burns v. Prudential Sec., Inc.*, 218 F. Supp. 2d 911, 914 (N.D.Ohio 2002) (applying *Holston*). The Sixth Circuit has joined in the majority of the circuits that have found that plaintiff's responses to deposition questions constitute "other paper" under Section 1446(b), putting defendant on notice to the possible removability of a case through this medium as well. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002).

Assuming Defendant were able to make out a basis for federal question jurisdiction under the FMLA claim, the case still must be remanded since the Defendant is barred from removing the case as the thirty-day window has passed.

### 2. Defendant's Duty to Make Reasonable Inquiry

Beyond the requirement that there be "solid and unambiguous" information regarding a case's removability, numerous courts have held that "a defendant has an affirmative duty to make reasonable inquiry to ascertain the existence of federal jurisdiction and pursue 'clues' of potential federal jurisdiction as soon as they are uncovered." *Haber v. Chrysler Corp.*, 958 F. Supp. 321, 326 (E.D.Mich. 1997); *see also Iulianelli v. Lionel, L.L.C.*, 183 F. Supp. 2d 962, 967 (E.D.Mich. 2002) (citing *Holston* and discussing "case law in which a defendant was charged with a duty to inquire and act promptly in exercising its right of removal"); *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1309 (E.D.Ky. 1990) (requiring defendant to make an "independent inquiry" to determine whether case was removable when complaint was silent as to extent of damages); *Krantz v. Boneck*, 599 F. Supp. 785, 788 (D.Nev. 1984) (where the initial pleading is indeterminate, "the defendant is

put on inquiry notice by the plaintiff's initial pleading and must inquire of the plaintiff the jurisdictional facts necessary to the petition to remove.").[1]

As one court stated, "defendants are not permitted to 'sit idly' while the statutory 30-day removal period runs and squander both judicial resources and the resources of his adversary." *Haber*, 958 F. Supp. at 326 (quoting *Kaneshiro*, 496 F. Supp. at 457). In *Krantz*, 599 F. Supp. at 786, the defendants argued that the case was not removable on the initial pleading because they could not ascertain what plaintiff's claims for relief were based upon and that the case only became removable when plaintiff stated in her deposition that defendants had violated federal statutes. The court wrote that the complaint, which alleged sex discrimination, should have been enough to cause the defendant to inquire into possible federal jurisdiction. It further explained:

> Where the initial pleading is indeterminate, absent fraud by the plaintiff or pleadings that provide "no clue" that the case is "not removable," the burden is on the defendants desiring removal to scrutinize the case and to remove it in a timely fashion.
> The rule is not unduly harsh on the defendants. In effect, the defendants are put on inquiry notice by the plaintiff's initial pleading and must inquire of the plaintiff the jurisdictional facts necessary to the petition to remove. It is a burden that rightly rests on the defendants because they are the ones who seek access to a court of limited jurisdiction.

*Krantz*, 599 F. Supp. at 788. Therefore, a defendant must remove within thirty days from the date that he has "solid and unambiguous information that the case is removable," but also has the burden of

---

[1] The *Holston* court itself acknowledged the possibility that certain clues could trigger the thirty-day period. *Holston*, 1991 WL 112809 at **7 n.1. However, the issue was not before the court because the district court had found that the plaintiff's complaint did not provide any clues regarding the removability of the case and the plaintiff did not contend that such clues existed.

- 8 -

inquiry if federal jurisdiction is ambiguous or if plaintiff has dropped "clues" as to potential federal jurisdiction. If jurisdiction is ambiguous, defendant must inquire about removability within a reasonable period of time. *See, e.g.*, *Iulianelli*, 183 F. Supp. 2d at 967.

Plaintiff has provided numerous clues to indicate that she felt that her claim under the FMLA was relevant to her cause of action for age discrimination well before the November 19, 2010 order of the state court. It was UHCMC's burden to determine if potential federal question jurisdiction existed, and to ask questions sooner if the basis for jurisdiction was ambiguous. Defendant had notice of Plaintiff's alleged federal claim on all of the following instances: July/August 2008 when Family Medical Leave Act was investigated as part of complaint resolution process; May 21, 2009 when Defendant produced documents regarding Plaintiff's FMLA history during the first round of document production; August 13, 2009 when Laura Canala testified in her deposition she believed that her corrective action was unwarranted due to the fact the time off should have been classified as FMLA leave; August 18, 2009 when Plaintiff testified that the day she took off should have been classified as FMLA leave and it should not have brought her to step two in the disciplinary process; September 8, 2009 when Angelique Sunagel testified in her deposition regarding Plaintiff's belief she had received improper corrective action based on a day she had taken off not being counted as FMLA leave; September 16, 2010, when Plaintiff's Proposed Exhibit List for Trial showed that Plaintiff intended to use Defendant's Family & Medical Leave of Absence Policy and a letter to Plaintiff approving her FMLA leave as exhibits; October 18, 2010 when Defendant filed a Motion *in Limine* trying to exclude those exhibits; and October 27, 2010 when Plaintiff filed a Brief in Opposition explaining the importance of those exhibits to proving pretext. (Plaintiff's Mot. at 11-14.) Using any of these dates, makes it longer than 30 days since Defendant became aware of any alleged attempt by Plaintiff to assert a federal claim, whether in terms of giving the Defendant "solid and unambiguous

information" on the information being put forth by Plaintiff at trial, or giving the Defendant time to inquire about the removability sooner. Even giving Defendant the greatest benefit of doubt possible, it had notice from the Plaintiff's Brief in Opposition on October 27, 2010 on how exactly those exhibits and information on FMLA would be used by the Plaintiff at trial. As December 3, 2010 is beyond the thirty days allowed, this case must be remanded on this basis as well.

Furthermore, any information presented now by Defendant could have been raised earlier in state court or through earlier removal. Defendant heavily relies on *Hazen Paper* as illustrative of Plaintiff asserting a federal claim separate from her state cause of action. This case, decided in 1993, could have been brought to the attention of the state court in this matter in Defendant's Motion *in Limine*. If, as the Defendant has stated, this means the information either needs to be excluded or considered as a separate federal claim, this still could have been raised and resolved in the state court. However, Defendant failed to raise this argument at that time. As stated above, Defendant was on notice prior to the November 19, 2010 order in the state court to the FMLA information Plaintiff sought to use at trial, and couching it as a separate federal claim or a substantial federal issue at this juncture, still does not alleviate the Defendant of its burden to make the necessary inquiries and to timely remove this case. Therefore, the case still must be remanded.

### C. Attorney's Fees

The court finds that fees are appropriate under 28 U.S.C. § 1447(c)[2] because the court finds that the information in this case makes it abundantly clear that there is no plausible argument for

---

[2] 28 U.S.C. § 1447(c) provides, in relevant part, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

federal question jurisdiction.  Even if it were to exist, the Defendant failed to timely remove the case. Plaintiff shall be awarded fees.  *See Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1059-60 (6th Cir. 2008) (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140-41 (2005)) (stating that in general, objectively unreasonable removals should result in fee award to plaintiffs and that in cases where removal was not objectively reasonable under the circumstances, district courts must consider the underlying purpose of costs-and-fees provision of removal statute, namely reducing the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff). Plaintiff should submit a request for fees and an affidavit in support within 10 days of the date of this order.  Defendant shall respond if it desires to respond to within 7 days thereafter.

## IV. CONCLUSION

For the reasons set forth above, this court finds that Defendants have not shown that this court has jurisdiction.  Indeed, the court concludes that it does not.  Therefore, it hereby grants Plaintiff's Motion to Remand and awards Plaintiff attorney's fees (ECF No. 4).  The Defendant clearly had sufficient information to seek to raise the issue herein earlier, and the case on which it relies does not support the argument that Plaintiff is pursuing a separate federal claim.  This court is not the appropriate court for Defendant to appeal the evidentiary rulings of the trial court.  This case is hereby remanded to the Cuyahoga County Common Pleas Court from which it was removed.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

December 10, 2010