UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GLORIA PARKS, | ) | Case No.: 1:10 CV 2746 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| UNIVERSITY HOSPITALS CASE | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court is Plaintiff's Petition for Attorney's Fees. (ECF No. 11.) Defendant opposes Plaintiff's fees request (ECF Nos. 12, 13.)[1] For the reasons stated herein, the court grants in part and denies in part Plaintiff's Petition.

## I. BACKGROUND

On December 3, 2010, Defendant removed this matter to this court from the Cuyahoga County Common Pleas Court. Plaintiff filed a Motion to Remand, and on December 10, 2010, this court granted the Motion and ordered that Plaintiff be awarded attorney's fees pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

---

[1] Defendant filed its first Opposition under ECF No. 12, but then re-filed the same Opposition with a signed affidavit in ECF No. 13.

Plaintiff filed her Petition on December 20, 2010, requesting that the court award her attorney's fees in the amount of $9,482.20. Plaintiff contends that the total amount for legal fees is $9,323.00, based upon 41.2 hours of work. She is also requesting costs in the amount of $159.20. Plaintiff supports this request with documents detailing the hourly rates and time entries for everyone who worked on preparing the Motion for Remand.

## II. LAW AND ANALYSIS

Defendant does not contest whether the hourly rates charged by Plaintiff's counsel is reasonable, a factor in the lodestar fee analysis. *See Pizzolato v. Safeco Ins. Co. Of America*, No. 08-353-JJB, 2008 WL 4809137, at *1 (M.D. La. Nov. 3, 2008). Accordingly, the court need not make a determination on this point. Therefore, the court will begin its analysis with the Defendant's objections to Plaintiff's fee requests.

### A. Actual Fees Incurred

Defendant's first objection to the fees request is that Plaintiff's counsel is working under a contingency fee basis, and no actual fees have been incurred. Defendant contends that since Plaintiff has not identified whether contingency fees can support a fee award under § 1447(c) and failed to state if she has occurred any actual expenses, the Petition should be denied. Defendant relies on *Gotro v. R & B Realty Group*, 69 F.3d 1485 (9th Cir. 1995), for support of its view on contingency fees. However, Defendant's reading of the case is incorrect. Like Plaintiff here, Gotro requested fees under § 1447(c) and did not state that there was a contingency fee arrangement. *Id*. at 1486. Similar to Defendant here, defendants in *Gotro* contended that the plaintiff had not actually incurred any actual fees yet, and that Gotro's attorneys had misrepresented to the court that the client had actually incurred fees when she had not. *Id*. at 1486-1487. The *Gotro* court found, after analyzing the

- 2 -

legislative history of § 1447(c), that the words "'actual expenses incurred'. . . do not limit [a] district court's discretion to award attorney's fees to a contingency fee litigant." *Id*. at 1488. Therefore, Plaintiff here could still request fees although there is a contingency fee agreement. In addition, the district court in *Gotro* found, and the Supreme Court affirmed, that the plaintiff had not misrepresented herself to the court by not stating there was a contingency fee arrangement, but had made a good faith request. *Id*. The granting of fees "was not based upon a belief that the plaintiff, the client herself, had incurred the cost and expense, as opposed to the law firm." *Id*. Furthermore, though counsel could have been clearer regarding the fee arrangement, the court found as a matter of law that the behavior did not rise to the level of behavior necessitating Rule 11 sanctions. *Id*. Similarly, the Plaintiff here has not misrepresented herself to the court, and has made a good faith request. The fees requested by Plaintiff represent fees her counsel has incurred as a result of the Motion to Remand. As in *Gotro*, Plaintiff could have been clearer on the fee arrangement, but the lack of clarity does not warrant a denial of attorney fees contemplated by § 1447(c).

### B. Complexity of Motion

Defendant makes several objections to the Petition regarding the lack of complexity of the issues in the Motion. Defendant asserts that judicial estoppel prevents Plaintiff from claiming in her Petition that the Motion was extremely complex and entitling her to greater attorney's fees, when in her Motion for Remand she asserted the removal issue was "about a clear-cut a case as possible." (Mot. to Remand at 22, ECF No. 4.) Under the doctrine of judicial estoppel, a party cannot prevail in one phase of a case based on an argument, and then take the opposite argument to prevail in another phase. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). Plaintiff's counsel asserts in her Petition that she had never faced this "particular issue" before the issue came up in this case,

- 3 -

and "had not dealt with any remand issues for many years." (Aff. of Ann-Marie Ahern at 3, ECF No. 11-1.) Plaintiff's counsel also states that the removal issue required a "full court press" by a number of attorneys due to pre-existing commitments, and a "substantial amount of research needed to be done to analyze the issues and write the brief." (Petition at 3, ECF No. 11.) Therefore, Plaintiff's counsel contends she is entitled to $9,482.20 in attorney's fees and costs for the briefing of this issue. Based on the doctrine of judicial estoppel, Defendant requests that the Petition be denied or substantially reduced. If Plaintiff should receive some sort of fee award, Defendant requests a reduced amount in light of Plaintiff citing to only black letter law, the well pleaded complaint rule, and the 30-day time period for removing.

The court finds Defendant's arguments on the complexity of the issues presented in the Motion to Remand to be well-taken to an extent. Plaintiff did assert the issues were clear-cut and that representation does suggest the fee award should be less than requested by Plaintiff. The issues were not complex. The court finds that 41.2 hours spent by the attorneys and paralegals on the case, and a request for attorney fees and costs of $9,482.20 is not a reasonable request. The court finds that a total award, in the amount of $6,000.00, including costs is appropriate in light of the issues addressed, their lack of complexity, and the length and content of the Motion.

### III. CONCLUSION

For the reasons set forth above, this court grants in part and denies in part Plaintiff's Petition for fees. Specifically, the court awards attorney's fees and costs in the amount of $6,000.00.

- 4 -

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 9, 2012